Dear Senator Price,
¶ 0 This office has received your letter seeking an official Opinion addressing the following questions:
1. May a county-beneficiary public trust, which is leasing ahospital from a county, become (1) a stockholder of a for-profitcorporation; (2) a member of a limited liability companyorganized for profit; (3) a partner in a general or limitedpartnership organized for profit; or (4) a shareholder, owner ormember of a non-profit entity?
 2. May a county-beneficiary public trust, which is leasing ahospital from a county, sublease the space and/or equipment ofone or more of the hospital's departments (such as its laboratoryor physical therapy department) to a for-profit entity, whichentity would then operate the department on its own behalf?
 3. May a county-beneficiary public trust, which is leasing ahospital from a county, sublease space and/or equipment locatedin the main hospital building, but which are not being used forhospital operations, to a for-profit entity?
 4. May a county-beneficiary public trust, which is leasing ahospital from a county, sublease a building located on hospitalproperty adjacent to the main hospital building to a for-profitentity?
¶ 1 County-beneficiary public trusts are created pursuant to the Trusts for Furtherance of Public Functions Act, 60 O.S. 1991and Supp. 1998, §§ 176-180.4. Such trusts may be established to perform any function which benefits a large class of the public or lessens the burdens of government. Board of CountyCommissioners of Oklahoma County v. Warram, 285 P.2d 1034, 1041
(Okla. 1955).
¶ 2 Your first question seeks a determination as to the extent to which county-beneficiary public trusts may form partnerships or engage in other business relationships with private entities. The status of the private entity (profit or non-profit) is irrelevant to resolution of the question.
¶ 3 The Oklahoma Constitution at Article X, § 17 places limitations on counties, subdivisions thereof, cities, towns and incorporated districts. It provides:
 The Legislature shall not authorize any county or subdivision thereof, city, town, or incorporated district, to become a stockholder in any company, association, or corporation, or to obtain or appropriate money for, or levy any tax for, or to loan its credit to any corporation, association, or individual.
Okla. Const. art. X, § 17.
¶ 4 The Article X, § 17 prohibitions are virtually the same as those contained in Article X, § 15 regarding expenditures by State government.
¶ 5 Attorney General Opinion 86-131 analyzed the applicability of Article X, § 15 to State-beneficiary public trusts. The following quote appears at page 184:
 Much of the confusion surrounding public trusts and attempts at characterizing them as State agencies arises from a misinterpretation of Oklahoma Statutes. As quoted previously only the public trustees
themselves are "an agency of the State." 60 O.S. 1981, § 179[60-179]. All of the provisions of Section 179 deal with limiting the liability of public trustees and limiting their personal liability. The fact that these trustees are public officers charged with the important duty of administering trust property for the benefit of their beneficiaries does not make the funds of the trust "public funds" carrying the restrictions contained in Okla. Const. Art. X, § 15.
A.G. Opin. 86-131.
¶ 6 Trusts established with a governmental beneficiary are separate legal entities from their beneficiaries. They are not the county or a subdivision thereof. State v. Garrison,348 P.2d 859, 862 (Okla. 1959). Opinion 86-131 cited an Indiana case,Steup v. Indiana Housing Finance Authority, 402 N.E.2d 1215
(Ind. 1980) wherein it was argued that an authority's ownership of stock would offend the constitution.[1] The Indiana Supreme Court pointed out that the Authority was a separate corporate entity from the state in its sovereign capacity and held:
 The Constitution prohibits the state from becoming a stockholder in a corporation. Again, the Authority is not the state in its sovereign capacity and, therefore, the Authority's relationships with other organizations do not contravene Ind. Const. Art. 11, § 12.
A.G. Opin. 86-131, p. 181 (citing Steup v. Indiana HousingFinance Authority, 402 N.E.2d 1215, 1220 (Ind. 1980)).
¶ 7 As was true in Opinion 86-131 and the Indiana case cited therein, public trusts are separate legal entities from their beneficiary. Article X, § 17 would not, therefore, apply to preclude ownership of corporate stock by the board of trustees. Likewise, participation in a business enterprise would be an act of the trustees for the authority and not the county acting in its sovereign capacity.
¶ 8 Although a county-beneficiary public trust may become a stockholder of a corporation, a partner, a member of a limited liability company or a member of a non-profit corporation, it does not follow that a board of county commissioners may lease a hospital to one of these entities. Section 789 of Title 19 provides the exclusive procedure for leasing all or part of a county hospital. Section 789 also limits the entities to which a county hospital may be leased.
¶ 9 Your second, third, and fourth questions seek determinations as to a county-beneficiary public trust's ability to sublease hospital equipment, property or departments to a for-profit entity. Section 789 of Title 19 mandates in pertinent part:
 It shall be the duty of the board of county commissioners to place the management and control of said hospital either under a board of control composed of five, seven or nine members, or to lease the hospital and equipment therein to a charitable non-profit organization. . . . If the board of county commissioners determines it is for the best interest of the county, they may in lieu of operation of the hospital through a board of control lease the hospital and equipment therein to a charitable nonprofit organization, in such event the lessee shall be responsible for all costs of operation and maintenance; provided, no hospital or equipment therein shall be leased other than to a public trust of which the county is beneficiary unless the specific leasing be authorized by the voters of the county at a general election, or a special election called for that purpose. . . .
19 O.S. 1991, § 789[19-789] (emphasis added).
¶ 10 Section 789 is a limitation on the power of county commissioners in their ability to lease a hospital and its equipment. Section 789 applies to the entire hospital and its equipment. There is no provision found in Section 789 for leasing or subleasing those facilities not currently being used for hospital operations. Therefore, if any hospital property is leased, or subleased, the county must comply with Section 789.
¶ 11 A county-beneficiary public trust which is leasing a county hospital in accordance with 19 O.S. 1991, § 789[19-789], "may not assign the lease or sub-let the premises to a private, for-profit enterprise." A.G. Opin.95-23. Attorney General Opinion 95-23 points out that counties are restricted in their power to select an entity to manage and control their county hospitals. A hospital may only be leased to a charitable non-profit organization or a public trust where the county is the beneficiary. If the lease is to a charitable non-profit organization, voter approval is required. 19 O.S. 1991, § 789[19-789].
Were a lessee county-beneficiary public trust to "sublease" hospital property to a for-profit entity the net result would be a for-profit entity operating all or part of the county hospital pursuant to a lease. This is precisely the result sought to be avoided by the limitations found in 19 O.S. 1991, § 789[19-789].
 ¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A county-beneficiary public trust, created pursuant to 60O.S. 1991 and Supp. 1998, §§ 176-180.4, is a separate legalentity from the county, and therefore, the provisions of ArticleX, § 17 are not applicable to the trust and it may become astockholder of a corporation, a member of a limited-liabilitycompany, a partner in a general or limited partnership, or amember of a non-profit corporation or association.
 2. Title 19 O.S. 1991, § 789[19-789] precludes acounty-beneficiary public trust, which is leasing a hospital froma county, from subleasing the space and/or equipment of one ormore of the hospital's departments to a for-profit entity.
 3. Title 19 O.S. 1991, § 789[19-789] precludes acounty-beneficiary public trust, which is leasing a hospital froma county, from subleasing space and/or equipment located in themain hospital building, but which is not being used for hospitaloperations, to a for-profit entity.
 4. Title 19 O.S. 1991, § 789[19-789] precludes acounty-beneficiary public trust, which is leasing a hospital froma county, from subleasing a building located on hospital propertyadjacent to the main hospital building to a for-profit entity.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] Indiana has a constitutional provision similar to Article X, §§ 15 and 17.